**KNOWLES, Plaintiff-Appellee, v. ROBERTS et,
Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2183.   Decided April 16, 1952.

H. J. T. Herzog, Dayton, for plaintiff-appellee.

Hon. C. William O'Neill, Atty. Genl., John W. Hardwick, Leon M. Render, William M. Gemmill, Asst. Attys. Genl., Columbus, for defendant-appellant, Board of Review.

## OPINION

By MILLER, J:

This is a law appeal from the judgment of the Common Pleas Court reversing the decision of the Referee and Board of Review holding that the claimant had voluntarily quit his work without just cause and therefore was not entitled to unemployment compensation under the provisions of the Act.

The record discloses that Elte Knowles, the claimant herein, was a member of Local 768, United Electric Workers. which had a contract with the claimant's former employer, the G. H. & R. Division of the Dayton Malleable Iron Company; that Article IV, Section 4, subsection b, effective June 1, 1948, as amended June 1, 1949, regarding absenteeism, provided in effect that an employee's seniority shall cease and his employment with the company shall terminate if he is absent

unexcused from work for reasons of his own a total of 10 working days in any 6 consecutive calendar months; that the 10th day in this case fell on Saturday, August 6, when the claimant did not report for work and for which no excuse was tendered.

The record further discloses that the employer had scheduled work on this Saturday, and that the plant was in operation.

It is urged by the claimant that under the agreement existing between the Union and the employer that Saturday was not a regular working day and therefore there could be no violation of the contract. Whether or not it was, was a factual question primarily within the province of the Board and the Board of Review can only be reversed by a reviewing court when found to be contrary to law or against the manifest weight of the evidence. **Brown-Brockmeyer v. Roach, 148 Oh St 511.** We are of the opinion that the finding by the Board of Review that Saturday, August 6, was a regular working day is not against the manifest weight of the evidence.

The next question presented is whether the claimant voluntarily quit his work without just cause. **Sec. 1345-6 d (9) GC** provides that one who voluntarily quits his work is not entitled to be paid benefits. The Board of Review was of the opinion that the claimant "lost his seniority rights by reason of his conduct in being absent 10 working days without proper excuse therefor during six consecutive calendar months. By his own action, he forced his separation from the payroll and as such same must be and is herein considered to be a voluntary quit in connection with his work * * *."

The appellant cites the case of **Baker v. Powhatan Mining Co., 146 Oh St 600,** wherein the Court defines the underlying purpose of the Unemployment Compensation Act. However, the facts in this case do not seem to be parallel with those in the case at bar, it there appearing that the claimant was a Union coal miner, that the contract of employment had terminated and the claimant, as well as all other Union employees refused to work without a new contract although work was available under the terms of the old contract.

Here the claimant was denied work after presenting himself for the same on the Monday following the Saturday of his absence. The decision of the Referee which was affirmed by the Board contains this language: "By his own action, he forced his separation from the payroll and as such same must be and is herein considered to be a voluntary quit * * *." We cannot agree with the Referee on the aforesaid conclusion. We think the finding should have been that by his own action

he caused the contract to be terminated, but can compensation be denied solely because of the termination of the employment contract? We do not think so, as long as the claimant meets the requirements of §1345-6 GC, et seq., and has not voluntarily quit his work without just cause. The rights of the claimant to benefits under the Unemployment Compensation Act must be determined under the provisions of said Act and not under the terms of an agreement with his employer for any agreement tending to reduce the statutory benefits would be void as being against public policy. The word "voluntary" imports an exercise of the will. Here it consisted of choosing not to work on Saturday and because of such the claimant was discharged under the provisions of the contract. Since its terms may not be considered in arriving at the benefits to which the claimant is entitled, it must follow that he did not voluntarily quit his work. The discharge appears to be a disciplinary action on the part of the employer and not a voluntary quit by the employee. The discharge was justifiable under the contract. But this fact does not prevent the employee from receiving the benefits to which he is entitled under the law and which must be liberally construed. **Carter v. Division of Water, City of Youngstown, 146 Oh St 203; State, ex rel. Merion, Supt., etc., v. Unemployment Compensation Board, 142 Oh St 628.**

Finding no error in the record, the same will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.